UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| QUEEN'S COURT OWNERS ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>EVEREST DENALI INSURANCE COMPANY, a Delaware Corporation; EVEREST INDEMNITY INSURANCE COMPANY, a Delaware Corporation; EVEREST NATIONAL INSURANCE COMPANY, a Delaware Corporation; EVEREST PREMIER INSURANCE COMPANY, a Delaware Corporation; EVEREST SECURITY INSURANCE COMPANY, a Georgia Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>**COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES**<br><br>**JURY DEMAND** |

Plaintiff Queen's Court Owners Association (the "Association") alleges as follows:

## I. INTRODUCTION

1.1   This is an action for declaratory judgment, bad faith, Consumer Protection Act ("CPA") violations, and money damages, seeking:

(A)   A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under insurance policies issued to the Association by Everest Denali Insurance Company; Everest Indemnity Insurance Company; Everest National Insurance Company; Everest

---

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

1 Premier Insurance Company; Everest Security Insurance Company. The Association is seeking a
2 ruling that the policies issued by the above listed insurers provide coverage for the damage at the
3 Queen's Court Condominium and that the above listed insurers are liable for money damages for
4 the cost of investigating and repairing the damage at the Queen's Court Condominium.

5     (B)    Damages for bad faith and violations of the CPA.

6     (C)    Attorneys' fees (including expert witness fees) and costs.

7     (D)    Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in Seattle, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Queen's Court Condominium for the common enjoyment of the unit owners. The Queen's Court Condominium consists of a single building with thirty-four (34) residential units in Seattle, WA (the "Queen's Court Condominium").

2.2 <u>Everest Denali Insurance Company.</u> Everest Denali Insurance Company ("Everest Denali") is incorporated under the laws of Delaware with its principal place of business in Warren, New Jersey.

2.3 <u>Everest Indemnity Insurance Company.</u> Everest Indemnity Insurance Company ("Everest Indemnity") is incorporated under the laws of Delaware with its principal place of business in Liberty Corner, New Jersey.

2.4 <u>Everest National Insurance Company.</u> Everest National Insurance Company ("Everest National") is incorporated under the laws of Delaware with its principal place of business in Liberty Corner, New Jersey.

2.5 <u>Everest Premier Insurance Company.</u> Everest Premier Insurance Company ("Everest Premier") is incorporated under the laws of Delaware with its principal place of business in Warren, New Jersey.

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 2

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

2.6     <u>Everest Security Insurance Company.</u> Everest Security Insurance Company ("Everest Security") is incorporated under the laws of Georgia with its principal place of business in Alpharetta, Georgia.

2.7     <u>Everest</u>.    Everest Denali; Everest Indemnity, Everest National; Everest Premier; and Everest Security shall hereafter be collectively referred to as "Everest." On information and belief, Everest issued property insurance policies to the Association including but not limited to at least from January 1, 2016 until January 1, 2019. The Association is seeking coverage against all policies issued by Everest to the Association.

2.8     <u>Queen's Court Insurers.</u> Everest and Doe Companies 1-10 shall be collectively referred to as the "Queen's Court Insurers."

2.9     <u>Queen's Court Policies</u>. The policies issued to the Association by the Queen's Court Insurers shall be collectively referred to as the "Queen's Court Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) as the Queen's Court Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     <u>Incorporation by Reference</u>. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     <u>Tender to Everest.</u>  On February 19, 2021, the Association tendered claim for insurance coverage to Everest for hidden damage recently discovered by J2 Building Consultants, Inc. ("J2"). The Association offered to enter into tolling agreements with Everest. Despite multiple requests, Everest has not executed any tolling agreement, and has refused to respond to

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 3

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

communication from the Association asking Everest to toll. On information and belief, Everest initially agreed to identify and provide all policies it issued to the Association and all policies covering the Queen's Court condominium, but it has not produced the policies despite multiple requests from the Association. The Association understands from J2 that the cost to repair the covered hidden water damage at the Queen's Court Condominium is substantially over the jurisdictional limit of $75,000.

### V. FIRST CLAIM AGAINST QUEEN'S COURT INSURERS FOR DECLARATORY RELIEF THAT THE EVEREST POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.2, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Queen's Court Policies cover the hidden water damage to underlying building components at the Queen's Court Condominium.

(B)     No exclusions, conditions, or limitations bar coverage under the Queen's Court Policies.

(C)     The loss or damage to the Queen's Court Condominium was incremental and progressive. New damage commenced during each year of the Queen's Court Policies.

(D)     As a result, the Queen's Court Policies cover the cost of investigating and repairing the underlying building components at the Queen's Court Condominium.

### VI. SECOND CLAIM AGAINST EVEREST FOR INSURANCE BAD FAITH

6.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2     The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 4

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

interests and its own interests, and must not engage in any action that demonstrates a greater concern for its own financial interests than its insured's financial risk. An insurer who does not deal fairly with its insured, or who does not give equal consideration to its insured's interests, fails to act in good faith.

6.3     The Queen's Court Insurers have an obligation to promptly come to a claims determination within 30 days pursuant to WAC 284-30-370. Everest has an obligation to fully disclose the coverage under their policies to the Association. Everest breached this duty by failing to acknowledge that: (1) weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Queen's Court Condominium; (2) weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); and (3) that there is coverage under the Queen's Court Policies when damage results from a concurrent combination of rain and inadequate construction.

6.4     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Everest's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Everest to provide a reasonable explanation of the relevant facts, law and policy language.
- Which require Everest to adopt and implement reasonable standards for the prompt investigation of claims.
- Which prohibit Everest from forcing their insured to initiate litigation to receive policy benefits.

6.5     Everest's actions and omissions, including but not limited to: Everest's refusal to enter tolling agreements; Everest's failure to come to a prompt coverage determination; failure to

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 5

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

identify the specific entity(s) that provided coverage to the Association; failure to provide policies it issued to the Association; and Everest's failure to acknowledge pertinent coverage under its policy, are unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of the Everest's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VII. THIRD CLAIM AGAINST EVEREST FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

7.1   The Association re-alleges and incorporates by reference paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2   Violations of WAC claims handling standards are per se CPA violations. On information and belief, the conduct of Everest was deceptive, impacted the public, and had the capacity to deceive.  The Association is a consumer.  As a direct and proximate result of the Everest's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000 per violation, and attorneys' fees under the CPA.

### VIII. PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

8.1   <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Queen's Court Policies provide coverage as described herein.

8.2   <u>Money Damages</u>. For money damages in an amount to be proven at trial.

8.3   <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees) and costs. *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW 48.30.015.

8.4   <u>CPA Penalties</u>. For CPA penalties against Everest of up to $25,000 per violation.

8.5   <u>Other Relief</u>.  For such other and further relief as the Court deems just and equitable.

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 6

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

## IX. DEMAND FOR JURY TRIAL

9.1     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

DATED this 27th day of August, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

*/s/ Jerry H. Stein*
*/s/ Justin D. Sudweeks*
*/s/ Daniel Stein*
*/s/ Dylan Hannafious*
*/s/ Jessica Burns*
Jerry H. Stein, WSBA 27721
Justin D. Sudweeks, WSBA 28755
Daniel J. Stein, WSBA 48739
Dylan P. Hannafious, WSBA 57355
Jessica R. Burns, WSBA 49852
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: jerry@condodefects.com
justin@condodefects.com
dstein@condodefects.com
dylan@condodefects.com
jessica@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660
***Attorneys for Plaintiff***

PLAINTIFF QUEEN'S COURT OWNERS ASSOCIATION'S COMPLAINT FOR DECLARATORY RELIEF, BAD FAITH, CPA VIOLATIONS, AND DAMAGES - 7

STEIN, SUDWEEKS & STEIN, PLLC
2701 FIRST AVENUE, SUITE 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660